NANCY L. ISSERLIS, ISB No. 7331
DAVID P. GARDNER, *pro hac vice*
WINSTON & CASHATT
250 Northwest Boulevard, Suite 107A
Coeur d'Alene, Idaho 83814
Telephone: (208) 667-2103
Facsimile: (208) 765-2121
nli@winstoncashatt.com
dpg@winstoncashatt.com

Attorneys for Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>APPLY 2 SAVE, INC.,<br>        Debtor. | Case No. 09-20607-TLM<br><br>Adv. Proc. No. _____ |
| J. FORD ELSAESSER, Chapter 7 Trustee,<br><br>                      Plaintiff,<br>vs.<br><br>MARC BONANNI and JANE DOE BONANNI, husband and wife and the marital community thereof;<br><br>                      Defendants. | TRUSTEE'S COMPLAINT:<br><br>(1) TO AVOID AND RECOVER PREFERENTIAL TRANSFERS;<br><br>(2) TO AVOID AND RECOVER FRAUDULENT TRANSFERS;<br><br>(3) TO AVOID AND RECOVER POST-PETITION TRANSFERS;<br><br>(4) FOR IMPOSITION OF CONSTRUCTIVE TRUSTS;<br><br>(5) FOR IMPOSITION OF EQUITABLE LIENS; AND<br><br>(6) TO AVOID UNJUST ENRICHMENT. |

COMPLAINT
Page 1

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

CHAPTER 7 TRUSTEE and Plaintiff herein, J. Ford Elsaesser, as his Complaint against Defendants Marc Bonanni and Jane Doe Bonanni, husband and wife and the marital community composed thereof, alleges the following:

## I. JURISDICTION AND PARTIES

1. This case was commenced when Apply 2 Save, Inc. (the "Debtor" or "A2S") filed for voluntary relief under Chapter 7 of Title 11 U.S.C. (the "Bankruptcy Code") on June 9, 2009 (the "Petition Date"). J. Ford Elsaesser was appointed as Chapter 7 trustee (the "Trustee") of the Debtor's estate on June 15, 2009. The Trustee is currently administering the Debtor's estate for the benefit of creditors.

2. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157 and 1334.

3. This adversary action is commenced pursuant to §§ 542, 544, 547, 548, 549 and 550 of the Bankruptcy Code and FRBP 7001.

4. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2). This action relates to the bankruptcy case of In re Apply 2 Save, Inc., Case No. 09-20607-TLM, presently pending in the United States Bankruptcy Court for the District of Idaho.

5. To the extent that the Trustee asserts claims under § 544 of the Bankruptcy Code, the Trustee is informed and believes, and based thereon alleges, that there exist in this case one or more creditors holding unsecured claims allowable under § 502 of the Bankruptcy Code, or

COMPLAINT
Page 2

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

that are not allowable only under § 502(e) thereof, which can avoid the respective transfers or obligations under Idaho or other applicable law.

6. Marc Bonanni ("Defendant") is an individual who at all times relevant hereto resided in Kootenai County, Idaho. At all times relevant hereto, Defendant served as an officer and/or director of the Debtor. Specifically, Defendant served as Legal Counsel for Debtor.

7. Defendant is an insider as defined by § 101(31)(B) and (F) of the Bankruptcy Code because at all relevant times Defendant was a director, officer, general partner, or person in control of the Debtor and managing agent of the Debtor.

## II. FIRST CLAIM FOR RELIEF
(To Avoid and Recover Preferential Transfers - Against All Defendants)
[11 U.S.C. § 547(b)]

8. The Trustee realleges paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Trustee is informed and believes and thereon alleges that during the one-year period before the date of the filing of the Petition (June 9, 2008 through June 9, 2009), Defendants received payments from the Debtor in cash, check, and/or other forms of consideration totaling (for the one-year period) the sums of:

   a. Q4 2008:     $37,829.00
   b. Q1 2009:     $8,333.33
   c. Q1 2009:     $54,492.62
   d. Q2 2009:     $56,481.80

COMPLAINT
Page 3

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

  e. Total:  $157,136.75

or such other sums as are ascertained at trial and according to proof, which payments were transfers of an interest of the Debtor in property (collectively, "the Preferential Transfers").

10. The Trustee is informed and believes and thereon alleges that even if any Defendant is deemed not to be an insider, Preferential Transfers still were made to that Defendant, albeit during the ninety-day period before the date of the filing of the petition.

11. The Trustee is informed and believes and thereon alleges that the Preferential Transfers were for or on account of antecedent debts owed by the Debtor to or for the benefit of Defendants, as creditors, before such Preferential Transfers were made, as defined in § 547 of the Bankruptcy Code.

12. The Trustee is informed and believes and thereon alleges that the Preferential Transfers were made while the Debtor was insolvent.

13. The Trustee is informed and believes and thereon alleges that the Preferential Transfers occurred within the preference period as defined in 11 U.S.C. § 547.

14. The Trustee is informed and believes and thereon alleges that the Preferential Transfers enabled Defendants to receive more from the estate than Defendants would receive as creditors if (a) the bankruptcy case were a case under Chapter 7 of the Bankruptcy Code, (b) the Preferential Transfers had not been made, and (c) Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

COMPLAINT
Page 4

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

15. The Trustee is informed and believes and thereon alleges that other Preferential Transfers may have been made to Defendants within the preference period before the filing of the Debtor's bankruptcy case. Such Preferential Transfers are unknown to the Trustee at this time. The Trustee will amend this Complaint to reflect the actual amount of such Preferential Transfers at such time as the information becomes available to him.

16. Pursuant to the provisions of § 547(b) of the Bankruptcy Code, the Trustee is entitled to avoid the Preferential Transfers.

17. Pursuant to § 550(a) of the Bankruptcy Code, to the extent that a Preferential Transfer is avoidable under § 547, the Trustee may recover the value of the property transferred from the initial transferee of such Preferential Transfer or the entity for whose benefit the Preferential Transfer is made or any immediate or mediate transferee of such initial transferee.

18. The Trustee is informed and believes and based thereon alleges, that the Preferential Transfers can be used by the Trustee.

19. The Trustee is entitled to an accounting of all transfers of the Debtor's property, including but not limited to an account of all payments made to Defendants within the preference period, and the Trustee will seek leave to amend this Complaint once any such additional transfers have been discovered or ascertained.

20. To the extent the accounting provided by Defendants establishes that the Debtor's property was transferred to Defendants and that such transfers were preferential or otherwise

COMPLAINT
Page 5

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

avoidable, the Trustee may avoid such transfers pursuant to the Bankruptcy Code, including but not limited to §§ 542, 544, 547, 548 and 550, and may recover the value of such transfers pursuant to said sections.

20. The Trustee is informed and believes, and based thereon alleges, that pursuant to the provisions of the Bankruptcy Code, including but not limited to § 542 and other applicable law, the Trustee is entitled to turnover by Defendants of the Preferential Transfers and of any other money or other property improperly transferred to them by the Debtor, plus interest thereon at the maximum rate provided by law.

22. The Trustee hereby demands that Defendants voluntarily turnover/pay the amount of the Preferential Transfers to the Trustee on behalf of the Bankruptcy Estate. Defendants have not returned these funds to the Trustee, for reasons unknown to the Trustee.

### III. SECOND CLAIM FOR RELIEF
**(To Avoid and Recover Fraudulent Transfers - Against All Defendants)**
**[11 U.S.C. § 548(a)]**

23. The Trustee realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The Trustee is informed and believes and thereon alleges that during the two-year period before the date of the filing of the Petition (June 9, 2007 through June 9, 2009), Defendants received payments from the Debtor in cash, check, and/or other forms of consideration totaling (for the two-year period) the sums of:

COMPLAINT
Page 6

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

a. Q4 2008: $37,829.00
b. Q1 2009: $8,333.33
c. Q1 2009: $54,492.62
d. Q2 2009: $56,481.80
e. **Total:** $157,136.75

or such other sums as are ascertained at trial and according to proof, which payments were transfers of an interest of the Debtor in property (collectively, "the Fraudulent Transfers").

25. The Trustee is informed and believes and thereon alleges that the Fraudulent Transfers were transfers on an interest of the Debtor in property.

26. The Trustee is informed and believes and thereon alleges that the Fraudulent Transfers were made by the Debtor within 2 years before the Petition date.

27. The Trustee is informed and believes and thereon alleges that the Fraudulent Transfers were made with actual intent to hinder, delay, or defraud an entity to which the Debtor was, at the time, or became, at some time after the date of the Fraudulent Transfers, indebted.

28. The Trustee is informed and believes and thereon alleges that the Debtor received less than reasonably equivalent value in exchange for such the Fraudulent Transfers and that either:

   a. the Debtor was insolvent on the date such Fraudulent Transfers were made or became insolvent as a result of such Fraudulent Transfers;

   b. the Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital;

COMPLAINT
Page 7

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

c. the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or

d. the Debtor made such Fraudulent Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

29. The Trustee is informed and believes and thereon alleges that other Fraudulent Transfers may have been made to Defendants within the preference period before the filing of the Debtor's bankruptcy case. Such Fraudulent Transfers are unknown to the Trustee at this time. The Trustee will amend this Complaint to reflect the actual amount of such Fraudulent Transfers at such time as the information becomes available to him.

30. Pursuant to the provisions of § 548(a) of the Bankruptcy Code, the Trustee is entitled to avoid the Fraudulent Transfers.

31. Pursuant to § 550(a) of the Bankruptcy Code, to the extent that a Fraudulent Transfer is avoidable under § 548, the Trustee may recover the value of the property transferred from the initial transferee of such Fraudulent Transfer or the entity for whose benefit the Fraudulent Transfer is made or any immediate or mediate transferee of such initial transferee.

32. The Trustee is informed and believes and based thereon alleges, that the Fraudulent Transfers can be used by the Trustee.

33. The Trustee is entitled to an accounting of all transfers of the Debtor's property, including but not limited to an account of all payments made to Defendants within the fraudulent

COMPLAINT
Page 8

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

conveyance period (June 9, 2007 through June 9, 2009), and the Trustee will seek leave to amend this Complaint once any such additional transfers have been discovered or ascertained.

34. To the extent the accounting provided by Defendants establishes that the Debtor's property was transferred to Defendants and that such transfers were fraudulent or otherwise avoidable, the Trustee may avoid such transfers pursuant to the Bankruptcy Code, including but not limited to §§ 542, 544, 547, 548 and 550, and may recover the value of such transfers pursuant to said sections.

35. The Trustee is informed and believes, and based thereon alleges, that pursuant to the provisions of the Bankruptcy Code, including but not limited to § 542 and other applicable law, the Trustee is entitled to turnover by Defendants of the Fraudulent Transfers and of any other money or other property improperly transferred to them by the Debtor, plus interest thereon at the maximum rate provided by law.

36. The Trustee hereby demands that Defendants voluntarily turnover/pay the amount of the Fraudulent Transfers to the Trustee on behalf of the Bankruptcy Estate. Defendants have not returned these funds to the Trustee, for reasons unknown to the Trustee.

### IV. THIRD CLAIM FOR RELIEF
(To Impose Constructive Trusts - Against All Defendants)

37. The Trustee realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

COMPLAINT
Page 9

LAW OFFICES OF
Winston & Cashatt
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

38. The Trustee is informed and believes, and based thereon alleges, that certain funds were improperly transferred to Defendants, so that the Trustee is entitled to a determination that Defendants hold these funds in trust for the benefit of the Trustee and the Debtor's bankruptcy estate.

## V. FOURTH CLAIM FOR RELIEF
### (For Imposition of Equitable Liens - Against All Defendants)

39. The Trustee realleges paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. Based on Defendants' improper receipt of Preferential or Post-Petition Transfers as alleged in Amended Complaint, the Trustee is entitled to impress Defendants' property with equitable liens to prevent unjust enrichment, to do justice in equity, and to prevent an unfair result. The Trustee is also entitled to sell Defendants' property to satisfy Defendants' indebtedness to the Debtor's estate.

## VI. FIFTH CLAIM FOR RELIEF
### (To Avoid Unjust Enrichment - Against All Defendants)

41. The Trustee realleges paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. The Trustee is informed and believes, and based thereon alleges, that as a result of the Preferential and Post-Petition Transfers, Defendants have been unjustly enriched so that the

COMPLAINT
Page 10

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

Trustee is entitled to recover from Defendants damages on account of the Preferential and Post-Petition Transfers plus interest thereon at the maximum legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully prays for judgment, jointly and severally, against Defendants for:

1.  A determination that the Preferential and Post-Petition Transfers may be avoided and for a judgment for recovery of the Preferential and Post-Petition Transfers, or the value of such property, in an amount to be ascertained at trial and according to proof, together with interest as allowed by law from the date of each Preferential or Post-Petition Transfer;

2.  An accounting of all payments and transfers of the Debtor's property to Defendants within the preference and fraudulent conveyance periods preceding the petition date and following the petition date, for an order avoiding such transfers to the extent such transfers are preferential, post-petition, or otherwise avoidable, for a judgment in the total amount avoided, in an amount to be ascertained at trial and according to proof, and for an order directing payment or turnover of such sum by Defendants together with interest thereon as allowed by law;

3.  Turnover of all Preferential or Post-Petition transfers, the imposition of constructive trusts, equitable liens, and equitable remedies to prevent unjust enrichment, plus interest thereon at the maximum legal rate and the costs of this action;

4.  On all claims for relief, for attorney fees and costs of suit incurred herein; and

COMPLAINT
Page 11

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121

5. For such other and further relief as this Court deems just and proper.

DATED this 26 day of February, 2010.

_____
NANCY L. ISSERLIS, ISB No. 7331
DAVID P. GARDNER, *Pro Hac Vice*
WINSTON & CASHATT
Attorneys for Chapter 7 Trustee

COMPLAINT
Page 12

LAW OFFICES OF
*Winston & Cashatt*
250 NORTHWEST BLVD., SUITE 107A
COEUR D'ALENE, IDAHO 83814
(208) 667-2103
FAX (208) 765-2121