# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE                                    )
                                         )
APPLY 2 SAVE, INC.,                      )          Case No. 09-20607-TLM
                                         )
                    Debtor.              )          Chapter 7
_____          )

## MEMORANDUM OF DECISION
_____

## BACKGROUND AND FACTS

Apply 2 Save, Inc., is a chapter 7 debtor, having filed its petition in June, 2009.  J. Ford Elsaesser ("Trustee") is the chapter 7 trustee administering this case and its assets.  In furtherance of his duties to the estate and its creditors, Trustee commenced several adversary proceedings.  Nine different adversaries were filed on March 9, 2010.[1]

Trustee later negotiated settlements of some of these actions.  Motions to approve settlement or compromise under Fed. R. Bankr. P. 9019 were filed on February 14, 2011, in regard to Adv. Nos. 10-07020-TLM (Elsaesser v. Doyle), 10-07017-TLM (Elsaesser v. Daly), and 10-07021-TLM (Elsaesser v. Garibay).  *See* Doc. Nos. 181-183 ("Compromise Motions").  The Compromise Motions

---

[1]  *See* Adv. No. 10-07016-TLM through Adv. No. 10-07024-TLM, inclusive.

MEMORANDUM OF DECISION - 1

came on for hearing on March 15, 2011. No objections were raised. However, after discussion with Trustee and Trustee's counsel, the Court ordered supplementation of the record in support of the requested settlements, the same to be filed within two weeks. *See* Doc. No. 197 (minute entry).

On March 30, 2011, Trustee filed a "Motion to Seal and Memorandum in Support Thereof," Doc. No. 202 ("Sealing Motion").[2] Trustee alleges therein that the affidavit of Trustee, which is intended to be filed in accord with the Court's ruling at hearing on March 15, "contains sensitive information regarding the parties to the suits." *Id.* at 1. The affidavit of Trustee was thereafter submitted to the Court for *in camera* review. That review has occurred. The Court has also had sufficient opportunity to evaluate the Sealing Motion and the Compromise Motions and the authorities relevant to the same.

The Court concludes that the request to seal Trustee's affidavit is not well taken. Additionally, the Court concludes that, even with the affidavit considered, Trustee has failed to adequately support the proposed compromises under settled law. All the pending motions will therefore be denied. The denial of the Compromise Motions will be without prejudice to renewal of these (or other) settlement requests and presentation of an appropriate supporting record.

---

[2] Despite the title of this document, there is absolutely no citation to or discussion of any authorities relevant to the request to seal. The Court's independent evaluation of the issue is set forth below.

MEMORANDUM OF DECISION - 2

**DISCUSSION AND DISPOSITION**

    **A.**    **Sealing Motion**

The Sealing Motion cites no authority. There is, however, a Code basis for considering sealing requests. Section 107(b)(2) allows a court to seal its records in order to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."[3] This statutory provision is echoed in Fed. R. Bankr. P. 9018. However, the interpretation of the statutory terms "scandalous" or "defamatory" is narrow in order to adhere to the "strong public policy in favor of open court records." *Traversa v. Educ. Credit Mgmt. Corp. (In re Traversa)*, 2010 WL 4683920, at *7-8 (D. Conn. Nov. 5, 2010). Here, the argument appears to be that discussing the settling defendants' financial situations would reveal "sensitive information" about those parties. The Court cannot conclude that this factually would be so, since Trustee's affidavit discloses no detail and consists of nothing more than his conclusions about the ability of the settling defendants to respond meaningfully to a money judgment. However, even if such information were disclosed, it would not be "scandalous" or "defamatory."

---

[3] Section 107 also allows the Court to make orders to protect the estate or any entity with respect to "a trade secret or other confidential research, development, or commercial information." Section 107(b)(1). That section further provides, in subsection (c)(1), that the "bankruptcy court, for cause, may protect an individual" with respect to certain kinds of information, the disclosure of which would "create an undue risk of . . . unlawful injury to the individual." No contention is raised, or is otherwise evident, that these additional provisions have any application to the Sealing Motion.

MEMORANDUM OF DECISION - 3

Though a discussion of the facts related to defendants' financial condition might arguably be considered to damage the defendants' reputations, "[i]njury or potential injury to . . . reputation will not suffice to deny public access[.]" *Powers v. Odyssey Capital Group, LLC (In re Mesaba Aviation, Inc.)*, 418 B.R. 756, 763 (8th Cir. BAP 2009) (citation omitted). The Court concludes § 107(b)(2) does not support the Sealing Motion.

More broadly viewed, the idea of sealing the record utilized by a trustee to support the proper exercise of his discretion in settling causes of action of the estate is incompatible with the authorities governing approval of settlements discussed below. In material part, a trustee – as fiduciary to creditors – is required to explain why he proposes a compromise and the reasons he chooses to exercise his discretion in a particular way. One of the factors to be considered, as identified *infra*, is a "proper deference" to the views of creditors of the estate as to the suggested settlement. One must wonder how creditors can even form those views in the absence of information due to a "sealed" factual record.

And not only is sealing inconsistent with the sort of disclosure required under Rules 9019 and 2002 when compromises in bankruptcy are proposed, it is inconsistent with the general proposition that the judicial records and processes of the federal courts are open and public. *See* § 107(a) ("Except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a

MEMORANDUM OF DECISION - 4

case under [title 11] and the dockets of the bankruptcy court are public records and

open to examination by any entity at reasonable times without charge.").  The

Ninth Circuit emphasized the policies involved in *Kamakana v. City and County*

*of Honolulu*, 447 F.3d 1172 (9th Cir. 2006):

> Unless a particular court record is one "traditionally kept
> secret," a "strong presumption in favor of access" is the starting point.
> . . .  A party seeking to seal a judicial record then bears the burden of
> overcoming this strong presumption by meeting the "compelling
> reasons" standard. . . .  That is, the party must "articulate[] compelling
> reasons supported by specific factual findings," . . . that outweigh the
> general history of access, and the public policies favoring disclosure,
> such as the "'public interest in understanding the judicial process.'"
> . . .  In turn, the court must "conscientiously balance[] the competing
> interests" of the public and the party who seeks to keep certain judicial
> records secret. . . .   After considering these interests, if the court
> decides to seal certain judicial records, it must "base its decision on a
> compelling reason and articulate the factual basis for its ruling, without
> relying on hypothesis or conjecture."

*Id.* at 1178-79 (internal citations omitted).  *Kamakana* continues by

acknowledging that "the strong presumption of access to judicial records applies

fully to dispositive pleadings," a principle of disclosure "adopted . . . because the

resolution of a dispute on the merits, whether by trial or summary judgment, is at

the heart of the interest in ensuring the 'public's understanding of the judicial

process[.]'"  *Id.* at 1179 (citations omitted).[4]

---

[4]   The Ninth Circuit notes an exception for documents sealed under a protective order,
*see*, *e.g.*, Fed. R. Civ. P. 26(c), and subsequently attached to non-dispositive motions and
materials.  *Kamakana*, 447 F.3d at 1179-80.  The standard for sealing discovery material under
Rule 26(c) is "good cause" and not the "compelling reasons" standard, a distinction that, as the
(continued...)

MEMORANDUM OF DECISION - 5

These prudential and carefully circumscribed considerations of open

judicial processes and public access to court records are no less important when

dealing with bankruptcy court adjudication.  Trustee has failed to establish that

sealing the affidavit is justified by statute, rule, case law, or sound considerations

of policy.  The Sealing Motion will be denied.

### B.    Compromise Motions

The Court has repeatedly explained the authorities relevant to its

consideration of motions to approve compromises under Fed. R. Bankr. P. 9019:

> Trustees have the discretion to negotiate settlements and to
> compromise disputes.  However, under Fed. R. Bankr. P. 9019, the
> Court must approve any such compromises or settlements.  It is well
> established that the Court may approve a proposed compromise only
> if it is "fair and equitable" and supported by an adequate factual
> foundation. [*In re*] *Olsen*, 06.3 I.B.C.R. [63,] 64 [(Bankr. D. Idaho
> 2006)].  Several factors may be considered, including (i) the probability
> of success in the litigation; (ii) the difficulty, if any, to be encountered
> in the enforcement of the judgment(s); (iii) the complexity of the
> litigation, and the expense, inconvenience or delay involved; and (iv)
> the paramount interest of creditors and a proper deference to their
> views.  *In re Marples*, 266 B.R. 202, 206, 01.3 I.B.C.R. 116, 118
> (Bankr. D. Idaho 2001) (citing *In re Lake City RV, Inc.*, 226 B.R. 241,
> 243-44 (Bankr. D. Idaho 1998), and *Martin v. Kane (In re A & C
> Props.)*, 784 F.2d 1377, 1381-83 (9th Cir. 1986)).  The burden of
> meeting these standards rests squarely on the Trustee.  *Olsen*, 06.3

---

[4] (...continued)
Court of Appeals notes, respects the "different interests [that] are at stake." *Id.*  Once dispositive
motions or other aspects of the judicial process are implicated, and not just discovery issues
within Rule 26(c), "the private interests of the litigants are not the only weights on the scale." *Id.*
at 1180; *see also Isserlis ex rel. K.S. v. Ambassador Programs, Inc.*, 2010 WL 605274 (E.D.
Wash. Feb. 18, 2010) (addressing Rule 26(c) standards and noting distinction between documents
attached to dispositive motions and those attached to non-dispositive motions).

I.B.C.R. at 64-65; *see also In re Mickey Thompson Entm't Group, Inc.*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

*In re Rake*, 363 B.R. 146, 151-52 (Bankr. D. Idaho 2007). *Rake* continued:

> While a trustee's discretion in compromising disputes is readily acknowledged by this Court, a trustee's evaluation of the merits and wisdom of settlement is not alone determinative. The Court is "not permitted to act as a mere rubber stamp" but, rather, must make an independent determination that the compromise is fair and equitable. *In re West Pointe Props., L.P.*, 249 B.R. 273, 281 (Bankr. E.D. Tenn. 2000); *see also Olsen*, 06.3 I.B.C.R. at 64 n.8.

*Id.* at 152. The *Olsen* footnote referenced in *Rake* states:

> At times, trustees' Rule 9019 motions seem to do little more than recite the trustee's belief that the proposed settlement is fair and offer a general statement that the several *A & C Properties* factors are met. Trustees must do more than parrot the standards or announce that they are satisfied. Their burden is to "persuad[e] the bankruptcy court that the compromise is fair and equitable and should be approved." *A & C Properties*, 784 B.R. at 1381. Thus, they must present a cogent and detailed factual explanation, discussing how the factors apply to the specific litigation and proposed settlement. *Id.* at 1383 (requiring a "sufficient factual foundation" that a compromise or settlement is fair and equitable). To tolerate less would make the Court into a rubber stamp, allowing the trustee's evaluation to be determinative. The cases, of course, call upon the Court to make the ultimate judgment. *Id.* at 1381; *see also Marples*, 266 B.R. at 206, 01.3 I.B.C.R. at 118.

06.3 I.B.C.R. at 64 n.8. And *In re Coonrod*, 2010 WL 5256808 (Bankr. D. Idaho Dec. 17, 2010), not only summarized these cases, but added:

> Placing [this] burden on the trustee makes sense and is not onerous; after all, the trustee must first inform himself of all the relevant facts before he can make a decision exercising proper business judgment. *Id.* (citing *In re Arkoosh Produce, Inc.*, 03.3 I.B.C.R. 149, 153, 2003 WL 25273746 (Bankr. D. Idaho 2003)).

MEMORANDUM OF DECISION - 7

*Id.* at *5.  In this sense, then, the trustee is required to appropriately weigh and evaluate all the factors relevant to the exercise of his business judgment.  He is then required to explain those factors and how they were evaluated, so that the Court can perform its duty of independent review to find the settlement fair and equitable, and confirm that the trustee's decision rests within the range of his discretion.  *Rake*, 363 B.R. at 152; *Arkoosh Produce*, 03.3 I.B.C.R. at 153 ("[T]he court's role is to ensure that the trustee has exercised proper business judgment in making the decision to agree to the proposed settlement, and that the settlement 'falls above the lowest possible point in the range of reasonableness.'") (citations omitted).  Trustees cannot meet these burdens and standards by simply saying "trust me" even if simultaneously iterating the *A & C Props.* factors.

In light of this unwavering line of authority, and on the record Trustee chose to present, the Court determines that the proposed compromises have yet to be adequately supported.  The "memoranda" filed in support of each motion are effectively identical and repetitive, merely parrot the *A & C Props.* standards, provide no factual detail and little cogent analysis, and ultimately ask the Court to reflexively bless the trustee's judgment without attempting to articulate how and to what facts that judgment was applied.  This conclusion holds whether or not the Trustee's affidavit, which was attempted to be filed under seal, is considered or

MEMORANDUM OF DECISION - 8

not.

**CONCLUSION**

For the foregoing reasons, the Sealing Motion will be denied. To ensure that the record upon which the Rule 9019 issues are evaluated is complete, the Court will require the Clerk to file Trustee's affidavit.

Additionally, on the questions of approval of proposed settlements, the Court finds and concludes that Trustee did not meet the burdens imposed by applicable precedent, and the Compromise Motions will therefore be denied as well. Such denial will be without prejudice to renewal of the requests through new motion(s) and notice and hearing as required by Rules 9019 and 2002.

The Court will enter an order in accord with this Decision.

DATED: April 11, 2011



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9